2020 PA Super 153

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANIEL JAMES LUSTER, II | : | |
| | : | |
| Appellant | : | No. 953 WDA 2019 |

Appeal from the Judgment of Sentence Entered May 15, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004227-2018

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

OPINION BY LAZARUS, J.:                    **FILED:  JULY 06, 2020**

Daniel James Luster, II, appeals from the judgment of sentence, entered in the Court of Common Pleas of Allegheny County, following his conviction for involuntary deviate sexual intercourse with a child ("IDSI"),[1] unlawful contact with a minor,[2] indecent assault of person less than 13 years of age,[3] and endangering welfare of children.[4]  After careful review, we vacate Luster's judgment of sentence and remand for a new trial.

When L.R. was between 3 and 4 years old, in 2010 or 2011, she was sexually abused by Luster, her uncle, while she was left alone with him at her

_____

[1] 18 Pa.C.S. § 3123(b).

[2] 18 Pa.C.S. § 6318(a)(1).

[3] 18 Pa.C.S. § 3126(a)(7).

[4] 18 Pa.C.S. § 4304(a)(1).

paternal grandmother's house. N.T. Jury Trial, 2/20/19, at 71. L.R. described four incidents of sexual assault. *Id.* at 77-81. L.R. first reported the incidents to her paternal grandmother but did not remember her grandmother's response. *Id.* at 82-85.

In January of 2018, L.R.'s mother ("Mother"), confronted L.R. for misbehaving in school. *Id.* at 142. L.R. grabbed a knife and attempted to commit suicide. *Id.* at 156. Following L.R.'s suicide attempt, Mother beat L.R. with a belt. *Id.* at 157. Shortly after, the police were called and L.R. was taken to Southwood Hospital ("Southwood"). *Id.* at 89. During L.R.'s stay at Southwood, L.R. disclosed that she had been sexually assaulted by Luster. *Id.* at 85. The Allegheny Office of Children, Youth, and Families ("CYF") investigated the case. *Id.* at 76. L.R. was subject to a forensic interview at the Advocacy Center at UPMC Children's Hospital of Pittsburgh on February 14, 2018. *Id.* at 168.

On May 6, 2018, Luster was charged with IDSI, unlawful contact with a minor, indecent assault of person less than 13 years of age, endangering welfare of children, and corruption of minors.[5] On June 18, 2018, an un-recorded pretrial conference was held at which the parties discussed L.R.'s forensic interview and the facts of this case. In February of 2019, a week before trial, during plea negotiations, the Commonwealth provided oral notice of its intention to present the video of the forensic interview at trial under the

---

[5] 18 Pa.C.S. §6301(a)(1).

Tender Years Hearsay Act ("the Act"), 42 Pa.C.S. §5985.1(a). *Id.* at 9. During jury selection, the Commonwealth gave oral notice a second time. *Id.* On February 20, 2019, the day of trial, the Commonwealth provided formal written notice. *Id.* at 14.

Following a three-day trial, a jury convicted Luster of all of the above-stated offenses except for corruption of minors. On May 15, 2019, Luster was sentenced to 200-400 months of incarceration for IDSI, plus five years' probation on each count to run concurrent to one other and consecutive to the 200-400 months of incarceration. On May 23, 2019, Luster filed a post-sentence motion for a new trial on the basis that the verdict was against the weight of the evidence; the trial court denied that motion on May 29, 2019. Luster timely filed a notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He presents the following issues for our review:

> 1. Did the trial court err by admitting a forensic interview under the Tender Years Hearsay Act where the Commonwealth failed to provide formal notice of its intent to introduce the video until the morning of the trial?
>
> 2. Whether the trial court abused its discretion by permitting the Commonwealth's *voir dire* question on the legal weight given to a complainant's testimony due to its misleading nature and prejudicial effect on empaneling a fair and impartial jury?
>
> 3. Whether the trial court abused its discretion by precluding [Luster] from introducing impeachment evidence regarding [Mother's] denials of using physical discipline against the complainant?

Appellant's Brief, at 7.

- 3 -

In his first issue, Luster claims that the trial court improperly admitted L.R.'s. hearsay where the Commonwealth failed to provide adequate notice under the Act of its intention to introduce such evidence at trial.

Our standard of review for evidentiary rulings, including the admission of hearsay, is abuse of discretion. **Commonwealth v. Walter**, 93 A.3d 442, 449 (Pa. 2014). Issues of statutory interpretation are questions of law; our standard of review is *de novo* and our scope of review is plenary. **Id.**

The Act allows for out-of-court statements to be admitted at trial if: (1) the statement was made by a child twelve years or younger; (2) the content and circumstances of the statement provide sufficient indicia of reliability; and (3) one of the enumerated offenses is charged. 42 Pa.C.S. §5985.1(a). The Act also includes a notice requirement that states:

> A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement **sufficiently in advance of the proceeding at which the proponent intends to offer the statement into evidence to provide the adverse party with a fair opportunity to prepare to meet the statement**.

42 Pa.C.S. § 5985.1(b) (emphasis added).

In **Commonwealth v. Crossley**, 711 A.2d 1025 (Pa. Super. 1998), we addressed the Act's notice requirement in a case of first impression. There, Crossley was charged with sexually abusing a 3½-year-old boy. On the day of trial, the Commonwealth attempted to offer into evidence a videotaped interview between the victim and a children and youth services worker.

Defense counsel objected on the basis that the Commonwealth had failed to give the defendant notice under the Act of its intention to introduce the minor's statements given until the day of trial. On appeal, this Court rejected the Commonwealth's argument that providing the statements during "the regular course of discovery" constituted sufficient notice, as the Act specifically requires that the proponent's notice must alert the opposing party of "an intention to use a specific document in a particular manner." *Id.* at 1028. The Court further found that, since the language of the statute is clear that such evidence shall not be admitted absent proper notice, a prejudice analysis requiring the defendant to show how he would have proceeded differently if notice had been properly given is inappropriate. *Id.* at 1028 n.2.

In the matter *sub judice*, the Commonwealth failed to give formal written notice until the day of trial. Although the Act does not require written notice, it does require that the notice be given sufficiently in advance of the proceeding to provide the adverse party with a fair opportunity to prepare to meet the statement. 42 Pa.C.S. §5985.1(b). The Commonwealth claims it gave Luster oral notice of its intention to offer the forensic video during plea negotiations, however, those negotiations occurred a mere one week before trial. N.T. Jury Trial, 2/20/19, at 9. We conclude that one week's notice did not provide Luster a "fair opportunity to prepare to meet the statement," 42 Pa.C.S. § 5985.1(b), especially where the Commonwealth was in possession of the forensic interview for nearly one year prior to the date of trial and had

ample opportunity to provide reasonable notice to Luster.[6]   Indeed, as a result of the Commonwealth's late notice, it was necessary to redact irrelevant information from the video in the midst of trial with the jury already impaneled.  When the trial court inquired as to why the redactions had not been done earlier, Luster's counsel replied:  "That is one of the reasons I objected yesterday, the Tender Years exception playing the video.  Because I could have obviously made this request in writing to [Y]our Honor and brought it to [Y]our Honor's attention sooner."  N.T. Jury Trial, 2/21/19, at 10.  In response, the trial judge stated that, had she known such redactions were necessary, she "might have potentially changed [her] ruling on [admitting the evidence]."  *Id.*  However, because by that point L.R. had been extensively cross-examined on the video, the trial court ruled that "the video does have to come in."  *Id.*

This case involves a delayed report of sexual abuse from a young child. The Commonwealth relied exclusively on L.R.'s testimony, and the forensic interview video substantially corroborated her in-court testimony.  Luster was entitled to reasonable notice to allow himself to prepare to defend against this crucial evidence.  As this Court noted in *Crossley*,

> [The Act] recognizes that child witnesses pose difficult problems
> for the parties, the court and the jury. A child may not be able to

---

[6] The affidavit of probable cause states that the affiants, Detectives Corinne L. Orchowski and Richard Keebler, were made aware of Luster's offenses on February 27, 2018, as a result of L.R.'s forensic interview.  *See* Affidavit of Probable Cause, 2/28/18, at ¶¶ 1-2.

tell his story in court because of emotional trauma associated with the crime. The law, therefore, makes a special accommodation to enable the prosecution to prove its case in such circumstances. This accommodation in turn poses unique challenges for the defendant who must defend against a charge where the victim himself does not tell the jury what happened, but others to whom the victim talked become his surrogate in court. In permitting such hearsay, the legislature has determined that the defendant is entitled to a type of notice that is direct and specific in order to provide a meaningful opportunity to challenge the hearsay. For example, the defendant may wish to offer psychological evidence about the failure of children of certain ages to distinguish truth from fantasy or the defendant may have specific evidence relating to the victim's reliability. **It is for these reasons that the notice provisions are strict and must be strictly observed.**

*Crossley*, 711 A.2d at 1028 (emphasis added).

The mandate of the Act remains clear and unambiguous. While, here, the minor victim testified at trial, the Commonwealth's eleventh-hour notice failed to comport with the Act's strict notice requirements for the introduction of the forensic interview hearsay evidence, and we are therefore constrained to vacate Luster's convictions and remand the case for a new trial.[7]

---

[7] Because we have decided that the forensic interview hearsay evidence was erroneously admitted for lack of proper notice and vacate and remand for a new trial, we need not consider Luster's remaining claims. However, in the interest of clarifying the issues in the event of a retrial, we note the following with respect to Luster's second and third appellate claims. First, with regard to his claim that the trial court abused its discretion by permitting the Commonwealth to ask an allegedly improper *voir dire* question on the legal weight to be given to a complainant's testimony, we note that while the Commonwealth's *voir dire* question is not a *verbatim* restatement of 18 Pa.C.S.A. § 3106, it presented a fair and accurate summary of the applicable law. In fact, the Commonwealth's wording was arguably favorable to Luster, as it reiterated to the jury that the Commonwealth bears the burden of proof beyond a reasonable doubt. Moreover, any potential error was cured when the trial court properly instructed the jury. *Commonwealth v. Smith*, 995

Judgment of sentence vacated. Case remanded for a new trial. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2020

---

A.2d 1143, 1163 (Pa. 2010) (incorrect explanation of reasonable doubt provided by Commonwealth in cured by trial court instruction). Accordingly, Luster failed to demonstrate that the question was in error or that he was prejudiced by its inclusion in the *voir dire* proceedings.

Finally, Luster's claim that the trial court abused its discretion by precluding him from introducing certain impeachment evidence is also meritless. Luster sought to introduce the testimony of a social worker to testify that Mother had admitted to routinely using physical discipline against L.R., contrary to Mother's testimony. The trial court properly concluded that the issue of Mother's disciplinary habits was a collateral matter that did not bear upon the main issue of whether Luster sexually assaulted L.R. ***See Commonwealth v. Johnson***, 638 A.2d 940 (Pa. 1994) (witness may not be cross-examined on collateral matter bearing no relationship to matter on trial).