J-S11022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIEL CUFFY | : | |
| | : | |
| Appellant | : | No. 2194 EDA 2021 |

Appeal from the Judgment of Sentence Entered October 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002979-2020

BEFORE:  OLSON, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED AUGUST 03, 2023**

Nathaniel Cuffy appeals the judgment of sentence following his convictions for simple assault and harassment.[1] He challenges the admission of evidence. We affirm.

Cuffy's convictions stem from an argument between him and the victim. After receiving a radio call for a person screaming, police officers arrived on the scene and observed Cuffy on top of the victim with "his hands around the shoulder [and] neck area" of the victim. **See** N.T., Trial, 4/23/21, at 11, 27. Both officers were wearing body cameras at the time. **Id.** at 13, 32. After speaking with the victim, the officers arrested Cuffy. The Commonwealth charged Cuffy with numerous crimes including those mentioned above.

---

[1] 18 Pa.C.S.A. §§ 2701(a) and 2709(a)(1), respectively.

Cuffy filed a motion *in limine* to exclude as hearsay any statements from the victim that the Commonwealth wished to introduce by way of the body camera footage. At the suppression hearing, the Commonwealth introduced the body camera footage of one officer. It offered that the statements made by the victim were admissible under the hearsay exception for present sense impressions. N.T., Motion to Suppress Hearing, 4/23/21, at 6. It also told the court that it was not arguing that the statements were admissible under the excited utterance exception. **Id.** After reviewing the video, the court determined that the victim's statements were not covered by the excited utterance exception but were covered by the present sense impression exception. **Id.** at 27.

The trial court conducted a bench trial the same day. The court found Cuffy guilty of the above-referenced crimes and sentenced him to 18 months' reporting probation. This timely appeal followed.

Cuffy raises the following issue: "Did not the [] lower court err and abuse its discretion by improperly allowing the introduction of hearsay evidence on a recording of a police officer's body worn camera that was not an excited utterance?" Cuffy's Br. at 3.

Cuffy challenges the admission of evidence, which we review for an abuse of discretion. **Commonwealth v. Luster**, 234 A.3d 836, 838 (Pa.Super. 2020). Hearsay is an out of court statement offered into evidence to prove the truth of the matter asserted. Pa.R.E. 801(c). Hearsay is not admissible unless an exception applies. Pa.R.E. 802. One such exception is an

excited utterance, which is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Pa.R.E. 803(2).

Cuffy maintains that the court abused its discretion when it denied his motion *in limine* to preclude the admission of the victim's statements. He states that the court denied the motion and concluded that the statements were admissible under the excited utterance exception to hearsay. He makes no argument that the court erred in finding the statements admissible under the present sense impression exception to the hearsay rule.

Cuffy's challenge is meritless. Cuffy's sole argument on appeal is that the court erred in finding the statements admissible under the excited utterance exception. However, the court admitted the statements under the present sense impression exception to hearsay. Cuffy does not challenge this finding on appeal. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.[2]

---

[2] In his Rule 1925(b) statement, Cuffy claimed that the court's admittance of the victim's statements violated his right to confrontation. *See* Pa.R.A.P. 1925(b) Statement, filed 4/21/22. However, he has abandoned this claim by failing to argue it in his brief.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/3/2023*