J-S21024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MATTHEW ALLEN LAPOINT :
:
Appellant : No. 1638 MDA 2022

Appeal from the Judgment of Sentence Entered November 1, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000630-2022

BEFORE: BOWES, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED: OCTOBER 23, 2023**

Appellant Matthew Allen Lapoint appeals from the judgment of sentence imposed following his conviction for possession of firearm prohibited.[1] Appellant challenges the trial court's ruling on the admissibility of a 911 call. We affirm.

The trial court summarized the relevant facts and procedural history of this matter as follows:

On December 14, 2021, police were called to 38 Conestoga Manor, Leola, PA 17540, following a domestic dispute between Appellant and his wife. The couple's fifteen-year-old daughter, K.L., called 911 because Appellant and his wife were engaged in a verbal and physical altercation, where Appellant's wife allegedly struck him in the face. Shortly thereafter, Appellant's wife exited the residence, and the couple's eleven-year-old daughter, G.L., witnessed Appellant with a shotgun in his hand as he left the home

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 6105(a)(1).

through the front door.  When police arrived, it was determined that Appellant had been convicted of a second-degree felony[FN1] in Florida, and as such, he was a person not to possess a firearm.  After a search, police recovered two shotguns and one shotgun shell.  Appellant was then arrested and subsequently charged with one count of possession of firearm prohibited.[FN2]

> [FN1] [Appellant] was convicted of Aggravated Battery in Florida, [] FLA. STAT. §784[.]045 (1995), on May 11, 1995.
>
> [FN2] 18. Pa.C.S. § 6105(a)(1).  Appellant was also charged with terroristic threats, 18 Pa.C.S. § 2706(a)(1) and endangering the welfare of children 18 Pa.C.S. § 4304(a)(1), however, [the] charges [of terroristic threats and endangering the welfare of children] were later withdrawn.

Trial Ct. Op., 1/20/23, at 1-2 (some citations omitted and some formatting altered).

On August 23, 2022, a jury found Appellant guilty of possession of a firearm prohibited.  On November 1, 2022, the trial court sentenced Appellant to a term of six to twelve months of incarceration.  Appellant filed a timely appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issue:

Did the trial court err in admitting K.L.'s 9-1-1 call to police where K.L.'s statements during the call were double hearsay, as she did not witness [Appellant] carrying a gun from the house but was only repeating what her sister, G.L., had told her?

Appellant's Brief at 5.

Appellant argues that the trial court abused its discretion by admitting the 911 call because the call consisted of K.L.'s statements concerning not what she had observed, but rather what was relayed to her by her sister G.L.

Appellant contends that this 911 call constituted double hearsay and no exception applied. Appellant's Brief at 13-15. Further, Appellant asserts that he preserved his objection to the admission of the 911 call by filing a motion in limine. *See id.* at 11-13.

The Commonwealth responds that Appellant waived this issue because in addressing Appellant's pretrial motion *in limine*, the trial court did not rule on the admissibility of the 911 call, but rather informed the parties that he would defer his ruling and that the issue would be addressed at trial. Commonwealth's Brief at 7-9. The Commonwealth further posits that because the trial court deferred its ruling on defense counsel's pretrial motion *in limine* objecting to the admission of the 911 call, defense counsel was required to renew his objection when the Commonwealth sought to play the 911 call at trial, pursuant to Pa.R.E. 103. *Id.* at 8-9. The Commonwealth argues that because defense counsel failed to renew its objection at trial, the issue was not preserved for appeal and is waived. *Id.*

Additionally, the Commonwealth contends that even if Appellant properly raised and preserved his objection, the trial court did not abuse its discretion in admitting the 911 call because the present-sense-impression exception to the hearsay rule applied in that G.L., who saw Appellant holding the firearm, also spoke to the 911 operator, along with her sister, K.L., who did not see the firearm. Therefore, G.L's statements fall under the present impression exception in that her statements described or explained an event or condition, made while or immediately after she perceived it, pursuant to

Pa.R.E. 803(1). *See id.* at 9-10. Alternatively, the Commonwealth asserts that even if the statements of K.L. in the 911 call did not satisfy the present-sense-impression exception to the hearsay rule, any error was harmless because K.L.'s statements in the 911 call were cumulative and substantially similar to the properly admitted evidence at trial, including G.L.'s testimony that she saw Appellant leaving the house carrying a firearm. *See id.* at 11-12.

We review a trial court's evidentiary rulings using the abuse of discretion standard of review. *Commonwealth v. Luster*, 234 A.3d 836, 838 (Pa. Super. 2020). A finding of abuse of discretion "may not be made merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v. Saez*, 225 A.3d 169, 178 (Pa. Super. 2019) (citation omitted).

As noted, Appellant's issue concerns hearsay. Our Supreme Court has explained: "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Commonwealth v. McCrae*, 832 A.2d 1026, 1034 (Pa. 2003) (citing Pa.R.E. 801(c)). "Hearsay evidence is not admissible except as provided by the Pennsylvania Rules of Evidence, [the Pennsylvania Supreme Court], or by statute." *McCrae*, 832 A.2d at 1034 (citing Pa.R.E. 802).

Moreover, an out-of-court statement containing another out-of-court statement is double hearsay or hearsay within hearsay. ***Commonwealth v. Laich***, 777 A.2d 1057, 1060 (Pa. 2001); ***Commonwealth v. Chmiel***, 738 A.2d 406, 417 (Pa. 1999). "In order for double hearsay to be admissible, the reliability and trustworthiness of each declarant must be independently established. This requirement is satisfied when each statement comes within an exception to the hearsay rule." ***Laich***, 777 A.2d at 1060 (citation omitted); ***see also*** Pa.R.E. 805 (stating "[h]earsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.").

The present-sense-impression exception to the rule against hearsay provides as follows:

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> **(1) Present Sense Impression.** A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it. When the declarant is unidentified, the proponent shall show by independent corroborating evidence that the declarant actually perceived the event or condition.

Pa.R.E. 803(1). "For this exception to apply, declarant need not be excited or otherwise emotionally affected by the event or condition perceived. The trustworthiness of the statement arises from its timing. The requirement of contemporaneousness, or near contemporaneousness, reduces the chance of premeditated prevarication or loss of memory." ***Id.***, cmt.

However, we must first determine whether Appellant's issue was properly preserved for appellate review. The Pennsylvania Rules of Evidence provide, in relevant part, as follows:

**(a) Preserving a Claim of Error.** A party may claim error in a ruling to admit or exclude evidence only:

(1) if the ruling admits evidence, a party, on the record:

(A) makes a timely objection, motion to strike, or motion *in limine*; and

(B) states the specific ground, unless it was apparent from the context; or

(2) if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context.

**(b) Not Needing to Renew an Objection or Offer of Proof.** Once the court **rules definitively** on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal.

Pa.R.E. 103(a)-(b) (formatting altered and emphasis added). The failure to offer a timely and specific objection results in waiver of the claim. *Commonwealth v. Bruce*, 916 A.2d 657, 671 (Pa. Super. 2007). "The rule is well settled that a party complaining, on appeal, of the admission of evidence in the [c]ourt below will be confined to the specific objection there made." *Commonwealth v. Cousar*, 928 A.2d 1025, 1041 (Pa. 2007) (citation omitted). "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

The notes of testimony from the hearing on Appellant's motion *in limine* concerning the admissibility of the 911 call reflect, in relevant part, as follows:

[Counsel for Appellant]: The admissibility of the 911 phone -- phone call, if it is going to be attempted to be brought in to corroborate the child's statements. I listened to it. It was about six minutes and 45 seconds. The child indicated that she didn't see anything. She told the police that. But she was talking to the -- the operator, and she relayed that she saw her -- her dad with the shotgun but it was coming from the younger child. So it's hearsay. So that -- I think the 6th Amendment, the right of confrontation of that child would be applicable.

THE COURT: So the -- the child is saying what another child saw?

[Counsel for Appellant]: That's correct.

THE COURT: What another child told that child what they saw?

[Counsel for Appellant]: That's correct. That's what I -- I listened to the tape, the 911 call, about three or four times. And that's exactly -- and the officer confirmed that by pulling the children apart and did talk to them individually. And K.L. is the child that made the phone call. She's the oldest one. And G.L., who is 11 years old -- K.L. is 15. G.L. is the one who said that she saw my client with the shotgun, but she didn't make the phone call. She wanted K.L., her sister, older sister, to make the phone call. But during the investigation the police found out that K.L. did not see anything, and it's in the discovery material.

THE COURT: Okay. But the other child apparently saw something and confirmed that with the police afterwards, correct?

[The Commonwealth]: Correct.

[Counsel for Appellant]: That is correct.

THE COURT: Okay. What's your position?

[The Commonwealth]: Your Honor, it's the Commonwealth's position -- that is partly accurate, the younger child is telling the older child. However, you can actually hear at points the younger child saying things. It's also a present sense impression. The kids are in the home and you can hear them say, we locked the door, we locked him out. And then you can hear [Appellant] banging on the door saying, let me in the fucking house. It's all a present sense impression. It's literally as it's unfolding.

- 7 -

[Counsel for Appellant]: And while he was banging on the door attempting to get in, the police were there. They had their guns drawn.

[The Commonwealth]: That doesn't make it not a present sense impression.

[Counsel for Appellant]: And he -- he -- he had a cell phone in his hand, not a gun and complied with the officers with their commands for the arrest. But as far as the statement on the 911 call, that was from an individual that did not see my client with the gun, and she confirmed that with the officer with the interview. There --

THE COURT: All at the time -- all at the time that this is occurring though, correct? This isn't afterwards, this is all at the time that this is occurring?

[The Commonwealth]: Correct. It's ongoing.

THE COURT: At the same time, this child can hear the other child, her sister, saying this is what she's seeing?

[Counsel for Appellant]: Yep, this is what she has seen. Yes. But it's not the other child that's –

THE COURT: I got it.

[Counsel for Appellant]: She does -- you can hear her in the background, but it's very, very brief.

[The Commonwealth]: You can actually hear her having an emotional response to being afraid of [Appellant] taking the gun out of the home.

THE COURT: Well, at this point we'll permit it. But we'll deal with this again when we get to the point that they're gonna play it.

[Counsel for Appellant]: Very good. And maybe if we can just even listen to it **prior to the ruling**. It's only six minutes and 45 seconds.

THE COURT: That's fine.

[Counsel for Appellant]: Thank you.

THE COURT: Anything else? Nothing else?

[The Commonwealth]: No, Your Honor.

[Counsel for Appellant]: No, Your Honor

N.T., 8/22/22, at 7-11 (some formatting altered).

Further, at trial, after the Commonwealth authenticated the recording of the 911 call, which was marked and admitted as Commonwealth's Exhibit #3, the Commonwealth requested to play the 911 call for the jury, and the following exchange occurred:

[The Commonwealth]: Judge, with that I'd ask to play the 911 call for the jury.

[Counsel for Appellant]: No objection.

THE COURT: Thank you.

(Commonwealth's Exhibit No. 3 was played to the jury.)

*Id.* at 77.

Based on this exchange, the trial court concluded: "When counsel advised the court that he had no objection to the Commonwealth introducing the call, the motion *in limine* was effectively withdrawn, and the issue was waived for appeal." Trial Ct. Op., 1/20/23, at 9.

After review, we agree with the trial court's conclusion. The notes of testimony confirm that the trial court did not make a "definitive ruling" during the hearing on the motion *in limine*, and Appellant's counsel understood that fact. *See* N.T., 8/22/22, at 11. The trial transcript reveals that when the Commonwealth played the 911 call, Appellant stated that he had "no objection." *See id.* at 77. Indeed, Appellant made no further objection concerning the 911 call. On this record, we are constrained to conclude that

the issue is waived. **See** Pa.R.E. 103(a)(1); Pa.R.A.P. 302(a); **Bruce**, 916 A.2d at 671. Accordingly, Appellant is not entitled to relief, and we affirm the judgment of sentence.

In any event, even if Appellant had properly objected and preserved the issue for appeal, we would conclude that the trial court did not abuse its discretion. The trial court opined that if the issue had been preserved, there was no abuse of discretion in admitting the 911 call. The trial court stated:

> Assuming, *arguendo*, that the issue was properly preserved, the 911 call is not inadmissible hearsay. Appellant asserts K.L. did not witness Appellant carrying a firearm, and [K.L.] was only repeating the observations of her sister, who did not speak on the call, to the operator. Appellant is mistaken.
>
>> Commonwealth: [G.L.], do you remember also talking to the dispatcher, the person on the other end of the phone of the 911 call?
>>
>> G.L.: I do remember.
>>
>> Commonwealth: Okay. And were you telling that person what was happening at the time?
>>
>> G.L.: Yes.
>
> [N.T., 8/22/22,] at 98. The fact that K.L. did not witness Appellant with a firearm is undisputed, as is the fact that K.L. spoke to the dispatcher about G.L.'s observations. Regardless, K.L. did not merely repeat what her sister told her; **G.L. relayed her own observations of the unfolding event directly to the dispatcher.** [*Id.*]
>
> All statements made by K.L. and G.L. to the 911 dispatcher were out-of-court statements, including K.L.'s statements reiterating G.L.'s observations. Further, the record reflects that the Commonwealth sought to admit and publish the call to the jury for the truth of the matter asserted, that Appellant was in fact in physical possession of a firearm. As such, the call is hearsay if it does not meet the requirements for an exception to the rule against hearsay.

- 10 -

\*     \*     \*

> Here, K.L. and G.L. did not call for help after the events of December 14, 2021, concluded.  When Appellant walked out of the house, shotgun in hand, G.L. ran to her older sister, told her what happened, and together, they immediately called 911.  Here, the possible hearsay satisfies the requirements for the present sense impression exception.  The statements and observations communicated between K.L. and G.L., K.L. and the dispatcher, and G.L. and the dispatcher, were all made contemporaneously, or as near to as possible, and the timing of the call was immediately preceding G.L.'s observation of her father leaving the house with a shotgun.  All other statements or observations made to the dispatcher by K.L. and G.L. were given as the events took place.  The 911 call and its contents meet the requirements for the exception to the rule against hearsay, present sense impression, and as such the call was properly admitted and published to the jury.

Trial Ct. Op., 1/20/23, at 9-11 (some citations omitted and some formatting altered).

After review, we note that the record reflects that Kristie Burkett, the quality assurance supervisor from the Lancaster Countywide Communications 911 call center, authenticated the recording of the 911 call and testified that **two girls** spoke during the 911 call.  *See* N.T., 8/22/22, at 79.  Moreover, the trial court concluded that both K.L. and G.L. spoke on the 911 call and expressed the events at or near the time they were perceiving them.  Trial Ct. Op., 1/20/23, at 9-10.  Further, the record reflects that both K.L. and G.L testified that they spoke during the 911 call concerning their observations at or near the time they were perceiving them.  *See* N.T., 8/22/22, at 98; 102-103.

Review of the 911 call confirms that both K.L. and G.L., while experiencing the events of December 14, 2021, explained and described the event as they perceived it,[2] and they both spoke during the 911 call.[3] Indeed, K.L. relayed to the 911 dispatcher what was occurring at the house at the time the events were occurring, and at one minute and twenty-one seconds into the 911 call, G.L. stated: "I don't know where Mom went, and I don't know where [Appellant] went. All I--the last time I saw [Appellant] was with a shotgun, and he told me to leave him alone after I asked him what he was doing with the shotgun." Commonwealth Exhibit #3.[4]

On this record, had Appellant properly preserved this issue, we would conclude that no relief is due, and we would agree with the trial court's alternative rationale from its Rule 1925(a) opinion finding that K.L.'s and G.L.'s statements concerning what they saw and recorded in the 911 call were

---

[2] *See* Pa.R.E. 803(1).

[3] On February 15, 2023, the parties stipulated that the disposition of Appellant's appeal would require consideration of Commonwealth Exhibit #3, the 911 call, and police video marked as Commonwealth Exhibit #6. *See* Stipulation, 2/15/23.

[4] Additionally, the audio from Commonwealth Exhibit #6 reveals that at twelve minutes and six seconds into the dash-cam recording, the police provided *Miranda* warnings, Appellant was asked if he had possessed a gun during the incident, and Appellant responded in the affirmative. Commonwealth Exhibit #6. Further, at fifteen minutes and thirty-six seconds into the recording, Appellant also stated that he hid the gun that he possessed, and the police located a gun inside a shed where Appellant said he placed it. *Id.*; *see also* N.T., 8/22/22, at 133, 137, 151.

admissible under the present-sense-impression exception to the general rule against hearsay. *See* Pa.R.E. 803(1) & cmt.[5]

For these reasons, we agree with the trial court that Appellant waived his claim that the 911 call constituted inadmissible hearsay. Accordingly, Appellant is due no relief, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/23/2023

---

[5] To the extent that K.L.'s statement concerning what G.L. said constitute double hearsay, both levels of hearsay fall within the present-sense impression exception. *See Laich*, 777 A.2d at 1060; Pa.R.E. 805.