J-S33043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS D. MCDANIEL | : | |
| | : | |
| Appellant | : | No. 275 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 6, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000925-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARCUS DRAKE MCDANIEL | : | |
| | : | |
| Appellant | : | No. 276 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 6, 2024
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001133-2022

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:          **FILED: DECEMBER 31, 2024**

Appellant Marcus Drake McDaniel appeals from the judgments of sentence imposed following his convictions for six counts each of rape of a child, involuntary deviate sexual intercourse with a child, three counts of indecent assault of a person less than 13 years of age, two counts of unlawful contact with a minor, and one count each of criminal solicitation of rape of a child, endangering the welfare of children, corruption of minors, and

obstruction.[1]   On appeal, Appellant raises challenges to the trial court's evidentiary rulings and the discretionary aspects of his sentence.  We affirm.

The factual history of this case is well known to both parties, and we need not re-state it here.   Briefly, Appellant was charged with multiple offenses based on allegations that he sexually assaulted his girlfriend's daughter in 2022.  The trial court set forth the following procedural history:

> Following a jury trial in his absence, [Appellant] was found guilty of two counts of rape of a child; two counts of involuntary deviate sexual intercourse with a child; two counts of unlawful contact with a minor; one count of indecent assault (under 13 years of age); one count endangering [the] welfare of children; and one count of corruption of minors—sexual offenses at Lycoming County Docket Number CR-925-2022.  Under Lycoming County Docket Number CR 1133-2022, Appellant was found guilty of four counts of rape of a child; four counts of involuntary deviate sexual intercourse with a child; one count of indecent assault (under 13 years of age); one count of criminal solicitation; and one count of obstruction in child abuse cases.  The victim in both cases was the [six-year-old] daughter of Appellant's paramour.
>
> [On] February 6, 2024, [] Appellant was sentenced under CR-925-2022 to a period of ten (10) to twenty (20) years [of] incarceration in a state correctional institution on Counts 1 and 2, rape of a child, to run consecutive to each other.   On Counts 3-4, involuntary deviate sexual intercourse with a child, and Counts 5-6, unlawful contact with a minor, the Appellant was sentenced to a period of incarceration in a state correctional institution of ten (10) to twenty (20) years.   Counts 3, 4, 5, and 6 are to run concurrent to each other, and concurrent to Counts 1 and 2.  On Counts 7 and 8, indecent assault of a person less than 13 years of age; Count 9, endangering the welfare of children; and Count 10, corruption of minors, [] Appellant was sentenced to a period of incarceration in a state correctional institution of eighteen (18) to thirty-six (36) months, to run concurrent to all other counts in

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3126(a)(7), 6318(a)(1), 902(a), 4304(a)(1), 6301(a)(1)(ii), and 4958(b.1), respectively.

case number CR-925-2022. Under CR-1133-2022, Appellant was sentenced to a period of ten (10) to twenty (20) years [of] incarceration in a state correctional institution on Counts 1-4, rape of a child, each to run consecutive to all other counts. On counts 5-8, involuntary deviate sexual intercourse with a child, [] Appellant was sentenced to a period of incarceration in a state correctional institution of ten (10) to twenty (20) years, to run concurrent to all other counts. On Count 9, indecent assault of a person less than 13 years of age, and Count 10, criminal solicitation of rape of a child, [] Appellant was sentenced to a period of incarceration in a state correctional institution of ten (10) to twenty (20) years, to run concurrent to all other counts. Finally, on Count 11, obstruction, [] Appellant was sentenced to a period of incarceration in a state correctional institution of fifteen (15) to thirty (30) months, to run consecutive to all other counts. The aggregate sentence of Appellant was sixty-one (61) years and three (3) months to one hundred twenty-two (122) years and six (6) months incarceration in a state correctional institution. [] Appellant was also designated a sexually violent predator [(SVP)].

Trial Ct. Op., 5/7/24, at 1-3 (unpaginated).

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court subsequently filed an opinion addressing Appellant's claims.

Appellant raises the following issues for our review:

1. Whether the trial court erred by precluding relevant and exculpatory evidence that the victim named another individual and not [Appellant] as the perpetrator of abuse when she was initially interviewed.

2. Whether the trial court erred in permitting [Appellant's] supervised bail officer to testify at trial because his testimony was unfairly prejudicial, irrelevant, and it improperly provided criminal propensity evidence to the jury.

3. Whether the sentencing court abused its discretion and imposed a manifestly excessive and unduly harsh sentence and did so without sufficiently considering the fundamental norms of the sentencing process.

Appellant's Brief at 7 (some formatting altered).

**Evidentiary Issues**

Appellant's first two claims relate to the trial court's evidentiary rulings. First, Appellant contends that he was "deprived of a fair trial because the trial court precluded from evidence the fact that the victim named another individual and not [Appellant] as the perpetrator of her abuse." *Id.* at 16. Specifically, Appellant argues that because the evidence at issue is exculpatory, the trial court abused its discretion when it excluded evidence that the victim named her father as the perpetrator of abuse. *Id.* at 16-17. Appellant further argues that the trial court, by precluding the evidence at issue, engaged in a "manipulation of the facts and the manipulated facts were presented to the jury rather than the actual facts," thereby abusing its discretion. *Id.* at 17-18.

Procedurally, we note that the evidentiary ruling at issue was the result of a Commonwealth motion *in limine* seeking to preclude any testimony from the victim concerning allegations against her father, D.T. *See* N.T. Trial, 10/25/23, at 30. On the record, the trial court made the following ruling:

> At this point, I am granting the Commonwealth's motion to preclude the testimony regarding accusations against [D.T.] **that are outside of those that are against [Appellant] in this particular case.** [Appellant] is permitted to cross-examine witnesses regarding the identity of the perpetrator for the allegations in this particular case. So the scope is whether if the allegations are what's against [Appellant] are not, that hopefully sets out the line.

*Id.* (emphasis added).  In its brief, the Commonwealth notes that the trial court provided Appellant with the opportunity to cross-examine the victim regarding the identity of the perpetrator in the instant case and that Appellant failed to do so.  Commonwealth's Brief at 26-27.

Upon further consideration, the trial court issued the following ruling on the record after the victim's testimony:

> After reviewing the arguments, the legal citations provided by counsel, and the additional stuff submitted by counsel, the accusations regarding [D.T.] do not make it more or less likely that [Appellant] committed the alleged crimes in this matter. Further, the accusations regarding [D.T.] would place the -- highlight confusion to the jury regarding the allegations in this matter as there is a factual distinction of the nature of the allegations.

N.T. Trial, 10/25/23, at 78.

We review a trial court's evidentiary rulings for an abuse of discretion. ***Commonwealth v. Luster***, 234 A.3d 836, 838 (Pa. Super. 2020).  It is well settled that "[a]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Santos***, 176 A.3d 877, 882 (Pa. Super. 2017) (citation omitted).

In his brief, Appellant argues that the victim's statements accusing her father of sexual abuse was both relevant and exculpatory.  Appellant's Brief at 16-18.  The Pennsylvania Rules of Evidence define relevant evidence as evidence that "has any tendency to make a fact more or less probable than it

would be without the evidence; and the fact is of consequence in determining the action." Pa.R.E. 401 (formatting altered). When determining whether evidence of third-party guilt is admissible, our Supreme Court has explained:

> In the case of third person guilt evidence, the relevant inquiries into admissibility are: Does the third person guilt evidence have a tendency to make the existence of any fact that is of consequence to the determination of the issue, *e.g.*, the defendant's culpability, more probable or less probable than it would be without the evidence.

*Commonwealth v. Yale*, 249 A.3d 1001, 1022 (Pa. 2021) (citing Pa.R.E. 401). The *Yale* Court further stated:

> Ultimately, the question is whether the evidence supports an inference that the defendant did not commit the crime and someone else did. The more detailed the similarity, the more likely a finding of relevance. But a lesser level of detail combined with other circumstances attendant to the crime charged and the third person's relationship to it are also pertinent considerations. So too are the temporal factors relative to the third person's bad acts and the crime charged. Trial courts regularly exercise discretion in determining the relevancy of evidence.

*Id.* at 1024.

Here, the allegations against D.T. center around disclosures the victim made to Children and Youth Services in Northumberland County in a separate investigation. N.T. Trial, 10/25/23, at 20, 23. During argument before the trial court, the Commonwealth noted that the allegations against D.T. were not consistent with the allegations against Appellant. *Id.* at 70. Specifically, the Commonwealth described pictures drawn by the victim as follows: "The first drawing at the bottom it says, [the victim] indicated what happened with

[her father] was not the same as what happened with [Appellant]." *Id.* Appellant's counsel conceded that the victim's allegations against her father were "not identical to the allegations against [Appellant]." *Id.* at 73.

In its Rule 1925(a) opinion, the trial court addressed Appellant's claim as follows:

> After hearing the argument of counsel, the [trial court] granted the Commonwealth's motion to preclude the testimony regarding accusations against the victim's father that were outside of those that were against [Appellant] in this particular case. [Appellant's] counsel was given permission to cross examine witnesses regarding the identity of the perpetrator for the allegations the victim may have made against her father which were substantially similar to the allegations made against [Appellant]. The [trial court] found that any other allegations the victim may or may not have lodged against her father would not tend to prove or disprove whether [Appellant] committed the crimes against the victim for which he was being tried. Additionally, even if the [trial court] were to have concluded that such evidence was relevant, the prejudice would outweigh the probative value as the likelihood of confusion to the jury or the speculation that just because the victim's father may have committed a separate crime [Appellant] might not have committed this separate act. Accordingly, the [trial court] submits it committed no abuse of discretion in limiting the scope of [Appellant's] questioning of witnesses and introduction of evidence regarding allegations of sexual abuse the victim made against her father.

Trial Ct. Op., 5/7/24, at 5 (unpaginated).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Luster*, 234 A.3d at 838. We agree with the trial court that the victim's testimony regarding allegations against her father did not make it more or less likely that Appellant committed the crimes alleged in the instant case and that this testimony could potentially confuse the jury.

Accordingly, Appellant has not established that the precluded evidence would "have a tendency to make the existence of any fact that is of consequence to the determination of the issue, . . . more probable or less probable than it would be without the evidence." **See Yale**, 249 A.3d at 1022 (citation omitted). Accordingly, Appellant is not entitled to relief.

In his second issue, Appellant alleges that the trial court abused its discretion when it permitted Appellant's bail release officer, Adam Welteroth, "to testify as to his conversations with [Appellant] regarding his whereabouts prior to trial." Appellant's Brief at 18. Appellant argues that the probative value of such testimony was "far exceeded by the prejudicial effect on the jury." **Id.** Specifically, Appellant contends that the testimony would be unfairly prejudicial because Appellant being placed in custody and the fact that Appellant was fitted with a GPS ankle monitor for a period of two years prior to trial was discussed in the statements at issue. **Id.** at 20-21.[2]

In response, the Commonwealth stated that the bail officer's testimony establishes Appellant's consciousness of guilt, which is permitted under existing case law. Commonwealth's Brief at 27-29.

Pennsylvania courts have held that evidence of a defendant's consciousness of guilt is admissible. **Commonwealth v. Ivy**, 146 A.3d 241, 251 (Pa. Super. 2016). "Further, our Supreme Court has noted that flight

---

[2] The trial court overruled Appellant's objection to Officer Welteroth's testimony on these grounds prior to the start of Officer Welteroth's testimony. **See** N.T. Trial, 10/26/23, at 56.

- 8 -

may constitute circumstantial evidence of consciousness of guilt." ***Commonwealth v. Carter***, 320 A.3d 140, 148 (Pa. Super. 2024) (citing, *inter alia*, ***Commonwealth v. Housman***, 986 A.2d 822, 831 (Pa. 2009)).

> [W]hen a person commits a crime, knows that he is wanted therefor, and flees or conceals himself, such conduct is evidence of consciousness of guilt, and may form the basis of a conviction in connection with other proof from which guilt may be inferred. It is permissible to infer that a defendant knows he is wanted for a crime from the circumstances attendant to his flight.

***Carter***, 320 A.3d at 149 (quoting ***Commonwealth v. Rios***, 684 A.2d 1025, 1035 (Pa. 1996)).

The mere failure of a defendant to appear for trial, however, "does not have the same connotation as pre-arrest flight or concealment and cannot be said to point unerringly to consciousness of guilt." ***Commonwealth v. Holloman***, 621 A.2d 1046, 1052 (Pa. Super. 1993) (citations omitted). Evidence of a defendant's failure to appear for trial accompanied by other evidence that a defendant took steps to conceal his or her identity and/or whereabouts is admissible. ***See Commonwealth v. Toro***, 638 A.2d 991, 400-01 (Pa. Super. 1994) (collecting cases).

Here, at trial, the Commonwealth elicited testimony from Officer Welteroth, that Appellant was required to wear a GPS monitor as part of his bail conditions, and that in the event the monitor runs out of power, Appellant was required to disclose his location to Officer Welteroth when asked. N.T. Trial, 10/26/23, at 58. Officer Welteroth further testified that Appellant told him that he was aware of those conditions. ***Id.***

The record reflects that prior to trial, Officer Welteroth attempted to ascertain Appellant's whereabouts. *Id.* at 60. Via text message, Appellant told Officer Welteroth that he intended to check in to the Super 8 Motel in Danville, Pennsylvania, so that he could attend his trial. *Id.* Officer Welteroth testified at trial that on the day before trial, Appellant indicated to him that Appellant intended to appear at the courthouse by 8:30 a.m. *Id.* at 62. Officer Welteroth stated that he had no further communications with Appellant. *Id.* The next day, Appellant did not appear for trial and the trial was held *in absentia*.

In its Rule 1925(a) opinion, the trial court addressed Appellant's claim as follows:

> The testimony of [Appellant's] bail release officer was relevant to substantiating the consciousness of guilt instruction that the Commonwealth requested due to [Appellant's] failure to appear for trial, as it gave the jury an opportunity to determine whether [Appellant] made deliberate efforts to avoid trial and engage in deceptive behaviors to conceal his whereabouts. Given the fact that the [trial court] did not allow the bail release officer to render his own opinion regarding what he believed [Appellant's] intentions were, the [trial court] believes there was no prejudice to [Appellant] and that there was no error of law or abuse of discretion in allowing the bail release officer to testify.

Trial Ct. Op., 5/7/24, at 7 (unpaginated).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Luster*, 234 A.3d at 838. On this record, we agree with the trial court that Officer Welteroth's testimony provided the jury with the "opportunity to determine whether [Appellant] made deliberate efforts to

- 10 -

avoid trial and engage in deceptive behaviors to conceal his whereabouts." Trial Ct. Op., 5/7/24, at 7 (unpaginated); *see also Toro*, 638 A.2d at 400-01; *Holloman*, 621 A.2d at 1052. Accordingly, we find that the trial court did not abuse its discretion when it permitted Officer Welteroth's testimony, and Appellant is not entitled to relief. *See Luster*, 234 A.3d at 838.

## Discretionary Aspects of Sentence

In his remaining issue, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant argues that the trial court imposed a manifestly excessive sentence because it failed to "follow the fundamental norms underlying the sentencing process." Appellant's Brief at 21. Further, Appellant claims that the trial court failed to give adequate consideration to the enumerated sentencing factors as set forth in 42 Pa.C.S. § 9721(b). *Id.* at 24.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record confirms that Appellant preserved his sentencing claims in a post-sentence motion, filed a timely notice of appeal, and raised the issues in his Rule 1925(b) statement. Appellant has also included a Rule 2119(f) statement in his brief. *See* Appellant's Brief at 13-15. Additionally, we conclude that Appellant's claim raises a substantial question for review. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (concluding that the appellant raised a substantial question raised where he challenged consecutive sentences as excessive and claimed that the court failed to consider his rehabilitative needs and mitigating factors); *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (explaining that a claim that a sentence was excessive raised in conjunction with a claim that the trial court failed to consider mitigating factors raises

substantial question). Accordingly, we will consider the merits of Appellant's challenge to the discretionary aspects of his sentence.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

- 13 -

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Raven*, 97 A.3d at 1253-54 (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." *Id.* at 848 (citation omitted). Where a PSI report exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." *Commonwealth v. Brown*, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

- 14 -

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, the trial court addressed Appellant's sentencing claims as follows:

The [trial court] submits that it considered several factors when fashioning [] Appellant's sentence and choosing to run certain counts consecutive to each other and the remaining counts concurrent to each other, including the mandatory minimum sentence required for certain counts, and the need to protect the public given [Appellant's] propensity for sexually abusing children, the age of the victim, the intrusive nature of the sexual contact of the victim, and the Sexual Offender Assessment Board member's finding that [Appellant] displayed characteristics associated with pedophilic disorder which is a lifetime condition and significantly increases his likelihood for sexual re-offense. Additionally, the [trial court] considered [Appellant's] attempt to avoid all responsibility by deliberately misleading his counsel and the [trial court] regarding his intention to appear for jury selection and trial yet failed to appear for either proceeding and was ultimately taken into custody in the State of New Hampshire and returned to Pennsylvania. Finally, and perhaps most significantly, the [trial court] considered [Appellant's] apparent lack of remorse, and noted its belief that [Appellant] did not want his own family present at the sentencing because he did not want them to hear the things that were said about him. [The trial court] is of the opinion that it was not an abuse of discretion to impose the sentence it did upon [Appellant] given the individual circumstances of the matter.

Trial Ct. Op., 5/7/24, at 8-9 (unpaginated).

- 15 -

Following our review of the record, we discern no abuse of discretion by the trial court. **See Raven**, 97 A.3d at 1253. The record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. **See** N.T. Sentencing Hr'g, 2/6/24, at 8. Therefore, we presume that the trial court was fully aware of all sentencing factors set forth by the Sentencing Code and considered them when imposing Appellant's sentence. **See Watson**, 228 A.3d at 936; **see also Kurtz**, 294 A.3d at 536. Further, we will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. **See Kurtz**, 294 A.3d at 536. Moreover, as noted previously, it is well settled that defendants convicted of multiple criminal offenses are not entitled to a volume discount on their aggregate sentence. **See Brown**, 249 A.3d at 1216; **see also Commonwealth v. Pisarchuk**, 306 A.3d 872, 881 (Pa. Super. 2023). For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judge Olson joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>12/31/2024</u>