COMMONWEALTH of Pennsylvania,
Appellee,

v.

Brian WEIR, Appellant.

Superior Court of Pennsylvania.

Submitted July 12, 1998.
Filed Aug. 18, 1999.

Shawn M. Stevenson, Pittsburgh, for appellant.

Kevin F. McCarthy, Asst. Dist. Atty., Pittsburgh, for Com., Appellee.

Before JOYCE, STEVENS and TAMILIA, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County following Appellant's conviction on the charge of driving while under the influence of alcohol (DUI), 75 Pa.C.S.A. §§ 3731(a)(1), (a)(4). On appeal, Appellant contends (1) the evidence was insufficient to convict Appellant under subsection 3731(a)(4), (2) the evidence was insufficient to convict Appellant under subsection 3731(a)(1), and (3) the trial court improperly limited defense counsel's cross-examination of Police Officer Kenneth Pate.[1] We affirm.

 ¶ 2 Appellant's first contention is that the evidence was insufficient to support his conviction under 75 Pa.C.S.A.

§ 3731(a)(4). "The law is settled in this Commonwealth that in reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth,...[as verdict winner]." *Commonwealth v. Earnest*, 386 Pa.Super. 461, 563 A.2d 158, 159 (1989) (citation omitted). The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. *Id.*

¶ 3 Using the aforementioned standard, the evidence adduced at trial, together with all reasonable inferences in favor of the Commonwealth, discloses the following: On December 20, 1997, at approximately 2:55 a.m., Officer Pate was on routine patrol in East Deer Township when he observed a Cadillac swerve four times across the centerline. Officer Pate activated his cruiser's lights and siren, and the Cadillac stopped. Officer Pate approached the Cadillac and discovered Appellant in the driver's seat. Upon speaking with Appellant, Officer Pate noticed that Appellant's breath smelled of alcohol and that his speech was slower than normal. When asked whether he had been drinking, Appellant responded that "he had a couple of beers." N.T. 8/17/98 at 7. Officer Pate then directed Appellant to step out of the Cadillac, and he performed field sobriety tests, which Appellant failed. Believing that Appellant was driving while under the influence of alcohol, Officer Pate asked Appellant to submit to a blood alcohol test, and Appellant indicated that he would do so. Appellant was then transported to the Allegheny Valley Hospital, and blood was drawn at 4:08 a.m., approximately one hour and thirteen minutes after the officer stopped the Cadillac. The test revealed that Appellant's blood alcohol content (BAC) was 0.124%.

¶ 4 Appellant was charged with DUI and he filed a motion seeking to suppress the results of the blood alcohol test. Immedi-

---

**1.** Appellant's issues have been renumbered for the sake of effective appellate review.

ately following the denial of the motion,[2] the Honorable Gerard M. Bigley convicted Appellant of DUI under subsections 3731(a)(1) and 3731(a)(4). After being sentenced, Appellant filed this timely appeal.

¶ 5 As indicated previously, Appellant's first contention is that the evidence was insufficient to convict him under subsection 3731(a)(4). Specifically, Appellant contends that the trial court should not have admitted evidence of his BAC to support his conviction since the Commonwealth did not present expert "relation-back" testimony.[3] Without the relation-back testimony, Appellant argues, the Commonwealth could not have proven beyond a reasonable doubt that Appellant had a BAC of 0.10% or above at the time he was driving. We disagree.

¶ 6 75 Pa.C.S.A. § 3731(a)(4) provides that "[a] person shall not drive, operate or be in actual physical control of the movement of any vehicle: (4) while the amount of alcohol by weight in the blood of the person is 0.10% or greater,...." Since 1982, when subsection 3731(a)(4) was enacted, the appellate courts of this jurisdiction have grappled with the issue of whether expert relation-back testimony must be presented by the Commonwealth in order to convict a defendant under subsection 3731(a)(4). For instance, in 1992, the Pennsylvania Supreme Court required the Commonwealth to present such expert relation-back testimony in the companion cases of *Commonwealth v. Modaffare*, 529 Pa. 101, 601 A.2d 1233 (1992), and *Commonwealth v. Jarman*, 529 Pa. 92, 601 A.2d 1229 (1992). Recognizing that "a

person's blood alcohol level fluctuates with the passage of time, such that the level gradually rises after drinks have been consumed until a peak is reached roughly one hour after drinking has ceased, and that thereafter the level declines," *Jarman*, at 94, 601 A.2d at 1231, the Supreme Court set forth the following:

> In cases where test results show levels of alcohol significantly above 0.10% and where blood samples have been obtained soon after suspects have been stopped, there is a very strong inference that blood alcohol levels were in the prohibited range while driving. However, where...the blood test results barely exceeded the 0.10% level and the lapse of time between driving and the taking of the blood sample was not insignificant, the inference of guilt is weakened.

*Jarman* at 96, 601 A.2d at 1231; *Modaffare*, at 105, 601 A.2d at 1235. The Supreme Court concluded that where only a weak inference of guilt exists the Commonwealth must present expert testimony relating the BAC test result back to the time the suspect was driving. Jarman's BAC was 0.104% one hour after he was stopped; Modaffare's BAC was 0.108% one hour and fifty minutes after he was stopped. The Supreme Court concluded that these statistics provided a weak inference necessitating expert testimony. *Id.*[4]

¶ 7 The Pennsylvania Supreme Court revisited the relation-back issue in *Commonwealth v. Yarger*, 538 Pa. 329, 648 A.2d 529 (1994), and emphatically abandoned any need to distinguish weak infer-

---

2. On August 17, 1998, a suppression hearing was held before the Honorable Gerard M. Bigley, and Appellant's trial followed immediately.

3. "Relation back or retrograde extrapolation is the process of projecting data, by using inferences, into an unknown area and thus achieving a conjectural knowledge of the unknown." *Commonwealth v. Montini*, 712 A.2d 761, 764 n. 1 (Pa.Super.1998) (citation omitted). That is, retrograde extrapolation means several factors are applied to the test

results to arrive at an educated estimate of a person's BAC at the time of driving.

4. In response to *Modaffare* and *Jarman*, the legislature revisited the DUI statute in 1992 and added the short-lived subsection 3731(a)(5) and its companion defense in former subsection 3731(a.1). Subsections (a)(5) and (a.1) were stricken as unconstitutional by the Pennsylvania Supreme Court in *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996).

ences of guilt from strong inferences. Specifically, the court held that:

[T]he Commonwealth is not required to present expert testimony to prove that a driver operated a vehicle with a blood alcohol content of 0.10% or greater.... Upon consideration of this issue, we find no reason to require the Commonwealth to present an expert witness in these matters. We hold that once the Commonwealth has established that the driver's blood alcohol content reflects an amount above 0.10%, the Commonwealth has made a *prima facie* case under 75 Pa.C.S.A. § 3731(a)(4). At this point, the defendant is permitted to introduce expert testimony to rebut the Commonwealth's *prima facie* evidence. If the defendant decides to rebut the *prima facie* evidence against him with expert testimony, then the Commonwealth may present its own expert to refute this testimony.

\*     \*     \*

We find it unnecessary to require the Commonwealth to present expert testimony in cases where the driver has failed to rebut the Commonwealth's *prima facie* evidence that his blood alcohol content was 0.10% while operating a motor vehicle.

*Yarger*, at 334–35, 648 A.2d at 531–32 (footnote omitted).

¶ 8 Apparently adopting the Supreme Court's approach in *Yarger*, the legislature amended Section 3731. Specifically, the legislature enacted 75 Pa.C.S.A. § 3731(a.1), which applies to and modifies subsection 3731(a)(4).[5] Subsection 3731(a.1) provides, in relevant part, that:

(a.1) **Prima facie evidence.-**

(1) It is prima facie evidence that: (i) an adult had 0.10% or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any

vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than 0.10% at the time a chemical test is performed on a sample of the person's breath, blood or urine....

(2) For the purposes of this section, the chemical test of the sample of the person's breath, blood or urine shall be from a sample obtained within three hours after the person drove, operated, or was in actual physical control of the vehicle.

75 Pa.C.S.A. § 3731(a.1) (emphasis in original).

■ ¶ 9 To date, this Court has not considered what effect the newly enacted subsection 3731(a.1) has on the need for relation-back testimony. However, applying the Rules of Statutory Construction, 1 Pa.C.S.A. §§ 1901–1991, we conclude that the clear, unambiguous words of the statute indicate that the Commonwealth is no longer required to present relation-back expert testimony in order to convict a defendant of DUI under subsection 3731(a)(4). Rather, where the blood sample is obtained within three hours after the person has operated his motor vehicle, and the results of the test reveal that the person's BAC is at or above 0.10%, the Commonwealth has established a *prima facie* case that the person has violated subsection 3731(a)(4). At this point, the defendant may present an expert witness to rebut the Commonwealth's *prima facie* case, following which the Commonwealth may present its own expert to refute the defendant's expert's testimony.

■ ¶ 10 Here, the Commonwealth presented evidence that Appellant's blood sample was obtained one hour and thirteen minutes after the police stopped his vehicle and that the chemical test revealed that Appellant's BAC was 0.124%. This evidence was sufficient to establish a *prima facie* case. Since Appellant failed to pres-

---

**5.** 75 Pa.C.S.A. § 3731(a.1) was amended on December 10, 1996, and became effective thirty (30) days thereafter. Since the crime in

this case was committed on December 20, 1997, the amendment applies.

ent an expert to rebut the *prima facie* case, under subsection 3731(a.1) the Commonwealth was not required to present expert relation-back testimony. As such, Appellant's first contention is meritless.

¶ 11 Appellant's next contention is that the evidence was insufficient to convict him of DUI under subsection 3731(a)(1), driving while under the influence of alcohol to a degree rendering him incapable of safe driving. Specifically, Appellant contends that the trial court should not have believed the arresting officer's testimony concerning Appellant's physical impairment since this was the first time the officer had effectuated a DUI arrest by himself.[6]

¶ 12 Initially, we note that Appellant has mischaracterized the arresting officer's testimony concerning whether Appellant's DUI arrest was the first one made by the officer while he was on patrol alone. At trial, the officer testified that he could not recall whether he had made any prior DUI arrests while he was unaccompanied by a more experienced officer. N.T. 8/17/98 at 12. In any event, we conclude that even if Appellant's DUI arrest was the first one made by Officer Pate while he was on patrol alone, we do not find that the evidence was insufficient on this basis.

¶ 13 It is well settled that the trier of fact is free to believe all, part, or none of a witness' testimony. *Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986). Here, the officer testified that Appellant's vehicle was swerving prior to being stopped and that, upon questioning Appellant, the officer noticed that Appellant's breath smelled of alcohol and that his speech was slower than normal. Appellant also failed the field sobriety tests administered by the officer, admitted that he had a "couple of beers" prior to driving,

and had a BAC of 0.124%. The trial court believed Officer Pate's testimony and convicted Appellant of DUI. We will not disturb the trial court's findings and conclude that the facts are sufficient to sustain Appellant's conviction under subsection 3731(a)(1). *See Commonwealth v. Curran*, 700 A.2d 1333 (Pa.Super.1997) (holding that a defendant's BAC may be considered under subsection 3731(a)(1)); *Commonwealth v. Leighty*, 693 A.2d 1324 (Pa.Super.1997) (finding that the evidence was sufficient to convict under subsection 3731(a)(1) where the police officer testified that the defendant's eyes were red and glassy, he failed the field sobriety tests, he was involved in a minor traffic accident prior to the stop, and the defendant admitted that he had been drinking). The mere fact that Appellant's DUI arrest may have been the officer's first arrest without the assistance of a more experienced officer does not require a contrary result. We note that at trial the officer testified that he had received training in conducting field sobriety tests and in recognizing the signs of intoxication from more experienced officers and the Police Academy. N.T. 8/17/98 at 32, 34.

¶ 14 Appellant's final contention is that the trial court improperly limited defense counsel's cross-examination of Police Officer Pate at trial.[7] Specifically, Appellant contends that the court erred in prohibiting Officer Pate from demonstrating the "standing leg test." Appellant argues that the demonstration was relevant to determine whether Officer Pate had adequate knowledge concerning the test, and, therefore, whether the officer's conclusion that Appellant failed that particular field sobriety test was correct. We find that even if the trial court improperly prevented the field sobriety demonstration it was harmless error.

---

**6.** The testimony revealed that Officer Pate had been a police officer for only five months when he stopped Appellant's vehicle and arrested him for DUI. N.T. 8/17/98 at 12.

**7.** We note that the cross-examination of Officer Pate actually occurred during the sup-

pression hearing, which was held just prior to the trial. However, the parties agreed that the suppression hearing testimony would be used for trial purposes so that Officer Pate would not be required to repeat his testimony.

¶ 15 It is well settled that where an error is harmless, a new trial is not required. *Commonwealth v. Hawkins*, 549 Pa. 352, 701 A.2d 492 (1997). Harmless error exists if the reviewing court is convinced from the record that (1) the error did not prejudice the defendant or the prejudice was *de minimis*, (2) the erroneously admitted evidence was merely cumulative of other untainted evidence, or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the guilty verdict. *Id.*

¶ 16 In the case *sub judice*, we conclude that the evidence of Appellant's guilt was so overwhelming that the trial court's refusal to permit Officer Pate from demonstrating the "standing leg test," even if in error, does not require a new trial. As discussed previously, Officer Pate testified extensively concerning Appellant's physical appearance and his driving abilities just prior to the stop. He also testified that Appellant admitted that he had been drinking and had a BAC of 0.124% less than three hours after the stop. Finally, the "standing leg test" was not the only field sobriety test administered by Officer Pate. Rather, the officer testified that Appellant also failed the "finger to nose test" and the "standing with the heel-toe extension test." N.T. 8/17/98 at 8. As such, even if Officer Pate was incorrect in determining that Appellant failed the "standing leg test," the evidence of Appellant's DUI offenses was overwhelming.[8]

¶ 17 For all of the foregoing reasons, we affirm.

¶ 18 Affirmed.

---

**8.** We note that Appellant has not alleged that Officer Pate should have been permitted to demonstrate any of the other field sobriety tests.