2019 PA Super 253

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LUIS ENRIQUE MARRERO | : | |
| | : | |
| Appellant | : | No. 2476 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 25, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005376-2017

BEFORE: GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.: **FILED AUGUST 21, 2019**

Appellant, Luis Enrique Marrero, appeals from the judgment of sentence entered in the Court of Common Pleas of Delaware County after a jury found him guilty of driving under the influence of a controlled substance,[1] third offense, and driving while under the influence of alcohol and a drug or combination of drugs that impaired his ability to drive safely, third offense.[2] Sentenced to an aggregate term of twelve to forty-eight months' incarceration followed by a twelve-month probationary tail, Appellant now challenges the trial court's failure to discharge a juror alleged to have made remarks during trial indicating racial bias and prejudice. We affirm.

The trial court discusses the pertinent factual history, as follows:

---

[1] 75 Pa.C.S.A. § 3802(d)(2).
[2] 75 Pa.C.S.A. § 3802(d)(3).

---

\* Former Justice specially assigned to the Superior Court.

The Affidavit of Probable Cause attached to the Criminal Complaint
. . . filed on May 2, 2017, alleges that Appellant was found
unconscious in a Chevy Monte Carlo that was in drive and running.
The front end of the vehicle was up against a fence located on a
residential property. Responding officers woke Appellant after
several attempts and Narcan was administered. An open
container of beer and a partially smoked cigarette that appeared
to have been dipped in a controlled substance were in the vehicle.

. . .

On the second morning of trial, after the Commonwealth had
presented its final witness, the trial court was advised by the Court
Crier that Juror #14 reported that he believed that Juror #6 had
made a disparaging statement on the prior day. **See** N.T.
6/27/18, at 9-10. Specifically, Juror #14 reported that in the
course of a conversation amongst the jurors regarding the concept
of facing trial before "a jury of your peers," Juror #6 said, "oh
well, none of us are [sic] his peers." N.T. at 4. Juror #14 took
this comment as possibly referring to Appellant's Latino heritage.
**Id**.

With trial counsel and the prosecutor present, the trial court
questioned Juror #6 regarding this statement. She admitted
having made it and stated further that she was referring to the
fact that she is older than the Appellant:

> **THE COURT**: A question has arisen. One of the
> jurors thought he heard you say something about—
> you were discussing—when I say ['you['], the jury was
> discussing jury by peers and so forth—and you may
> have said something along the lines—
>
> **JUROR #6**: Right.
>
> **THE COURT**: —['well, the [Appellant] certainly is
> not one of our peers['] or something
> like that.
>
> **JUROR #6**: Right.
>
> **THE COURT**: Is that—
>
> **JUROR #6**: Just that I'm a lot older than he is.

| | |
|---|---|
| **THE COURT**: | Okay. |
| **JUROR #6**: | That's all I meant by that. |
| **THE COURT**: | Okay. I just wanted to make sure that there was no—any kind of bias or anything— |
| **JUROR #6**: | Oh, no. |
| **THE COURT**: | —that would prevent you from reaching a fair and impartial opinion— |
| **JUROR #6**: | Not at all, no. |
| **THE COURT**: | —on the [Appellant's] guilt or innocence. |
| **JUROR#6**: | No. |
| **THE COURT**: | So you were just talking about disparity in age? |
| **JUROR#6**: | Just – yes, that was it. |
| **THE COURT**: | Okay. Well, a probably even greater disparity in my case. Any questions? |
| **[COUNSEL]**: | I do not. |
| **PROSECUTOR**: | No. |

N.T. at 7-9. The trial court denied Appellant's motion to remove Juror #6, after finding her explanation . . . credible and [her statement] harmless.

Trial Court Opinion, filed 10/22/18, at 1-2, 4-5.

As noted above, the jury convicted Appellant on two counts of DUI. This timely appeal followed.

Appellant presents one question for this Court's consideration:

Whether the Trial Court abused its discretion when it refused to remove a juror who openly exhibited prejudice and bias against [Appellant]?

Appellant's brief, at 4.

"The decision to discharge a juror is within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. This discretion exists even after the jury has been impaneled and the juror sworn." ***Commonwealth v. Carter***, 643 A.2d 61, 70 (Pa. 1994) (internal citations omitted). "[T]he common thread of the cases is that the trial judge, in his sound discretion, may remove a juror and replace him with an alternate juror whenever facts are presented which convince the trial judge that the juror's ability to perform his duty as a juror is impaired." ***Bruckshaw v. Frankford Hosp. of City of Philadelphia***, 58 A.3d 102, 110–11 (Pa. 2012) (quoting ***United States v. Cameron***, 464 F.2d 333, 335 (3d Cir. 1972)).

Appellant contends in the argument section of his brief that either of two comments made by Juror #6 revealed that she had settled on a verdict prematurely, which required her dismissal. Appellant, however, has waived this claim for failing to object.

It is well settled in Pennsylvania that a party must make a timely and specific objection at trial in order to preserve an issue for appellate review. Pa.R.A.P. 302(a), ***see also Commonwealth v. Montalvo***, 641 A.2d 1176, 1185 (Pa. Super. 1994) (citation omitted) ("In order to preserve an issue for review, a party must make a timely and specific objection at trial"). Pursuant

- 4 -

to Pa.R.A.P. 302, issues that are not raised in the lower court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a).

The relevant notes of testimony show Juror #14 alerted the trial court not only about the comment possibly betraying a racial bias, but also about a second comment causing him to believe Juror #6 had come to a premature decision in the case:

| | |
|---|---|
| **THE COURT**: | Very briefly, my court crier indicated that Juror #6, specifically, was making comments which might have been in violation at least to the spirit of my instructions not to, in any way, deliberate or discuss the possible outcome or the verdict. Is that correct? |
| **JUROR #14**: | Yes, sir. |
| **THE COURT**: | Tell me exactly what Juror #6 said. |
| **JUROR #14**: | There were two sets of comments. The first were [sic] right after we had been impaneled and went back, before we had actually come in to hear the case. |
| **THE COURT**: | Okay. |
| **JUROR #14**: | And she had said – we were talking about the whole concept of a jury of your peers, and she had said, [']oh well, none of us are [sic] his peers,['] which a number of us took to mean racially none of us were Latino – |
| **THE COURT**: | Okay. |
| **JUROR #14**: | -- or none of us were [sic] his peers [sic]. |
| **THE COURT**: | All right. |

| | |
|---|---|
| **JUROR #14**: | The other was, after we came in at the end of the day at about 4:30, she had said, [']Oh, well, I guess tomorrow we'll just deliberate.['] And somebody had pointed out, well, no, there is the whole defense side of the case to hear and the rest of the – you know, we need to hear everything. She said, [']Oh, yeah, I guess we probably should do that, too.['] But it was very – it seemed from her comments that she has made up her mind – |
| **THE COURT**: | Okay. All right. |
| **JUROR #14**: | -- about what she was going to be doing. |
| **THE COURT**: | All right. That's what I need. Do you have any additional questions at this point? [Both defense counsel and the Commonwealth answer in the negative.] Okay, all right, just go back, and we'll handle the situation. |
| **JUROR #14**: | Okay. |

N.T. 6/27/18, at 3-5.

After Juror #14 left the courtroom, the trial court informed defense counsel and the Commonwealth that it deemed harmless the alleged comment, "Well, I guess tomorrow we'll just deliberate." The court indicated, therefore, that it would confine its examination of Juror #6 to her remaining comment intimating that the jurors were not Appellant's peers:

| | |
|---|---|
| **THE COURT**: | Counsel, at this point I think I would like to talk to Juror #6 concerning the remark that she made with respect to a jury of our peers. **The other comment she said, [']Well, I guess we'll have to deliberate,['] seems harmless to me. She may have assumed that there wasn't going to be any case put on by the – I don't know what exactly she did, but we can ask her about that as well**. But I don't |

- 6 -

> see at this point any particular need to have her removed.

N.T. at 5 (emphasis added).

Significantly, defense counsel offered no objection to the court's conclusion that the allegedly "prejudicial" comment was harmless, nor did counsel object when the court failed to ask any questions of Juror #6 pertaining to that comment. Instead, counsel accepted the court's apparent decision to narrow the inquiry to the comment alleged to suggest racial bias, *see* N.T. 7-9, *supra*, and he later confined his final argument for dismissal to this one comment. Juror #6's testimony, counsel argued, was "incredible based upon the fact that a number of the other jurors do appear to be significantly younger than she and certainly closer in age to my client, the [Appellant]." N.T. at 9-10.

With that argument, he moved for dismissal, without also asking the court to consider the second comment as suggesting a mind prematurely settled on a guilty verdict. Therefore, to the extent Appellant now advances in his brief the argument that dismissal was required because of Juror #6's allegedly "prejudicial" comment, it is waived.

In Appellant's preserved issue, he contends the trial court erred in accepting Juror #6's age-based explanation for her remark that Appellant had "no peers on the jury," when a number of jurors were close in age to Appellant. On this point, we observe the trial court questioned Juror #6 directly on the allegation of racial bias, gained her express assurance that nothing would prevent her from reaching a fair and impartial decision, and chose ultimately

to credit her testimony that she had referred not to Appellant's ethnicity but only to the age disparity between Appellant and herself.

Appellant asks this Court to disturb the trial court's credibility determination in this regard, but we may not do so under the record. Specifically, the transcript shows the court gave due regard to the allegations against Juror #6 by conducting a full examination of both Juror #14 and Juror #6. In so doing, the court placed itself in the best position to assess what Juror #6 meant by her statement, and it declined removing her when it believed her testimony that she had not invoked race and would deliberate fairly and impartially. Because the court based its decision to retain Juror #6 upon a credibility determination finding sufficient support in the record, we discern no abuse of the trial court's discretion. *See Commonwealth v. Koehler*, 737 A.2d 238 (Pa. 1999) (holding trial court did not abuse discretion in refusing to remove juror where court was in best position to assess juror credibility and believed juror would be impartial) (citing *Commonwealth v. Chambers*, 685 A.2d 96, 107) (Pa. 1996)).

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 8/21/2019*